GIDEON WALKER *v.* RICHARD CHRISTMAS AND WIFE.

**Adverse Possession—Defect in Documentary Title Cured by Long Possession.**

An apparent defect in a chain of documentary title may be supplied by the corroborative presumption arising from long and continuous possession and from the acquiescence in the occupancy.

**Same—Vendor and Purchaser—Grantor Liable for Trespass Committed by His Vendees Under His Wrongful Conveyance.**

Although the occupants under the appellant might be held liable for not only the use of the land, but the conversion of the timber and the wood, yet as they entered under him and acted under the licenes of his wrongful conveyance, he is responsible to the appellee for all damages resulting from his unlawful entry and license.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 29, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The apparent defect in the technical authentication of two links in the chain of documentary title may be supplied by the corroborative presumption arising from long and continuous possession under that concatination, and from the acquiescence of the appellant in that claim and occupancy.

But independently of the derivative title, the adverse possession under it sufficiently established the possessory right of the appellees and the tortiosness of the appellant's entry. The old division fence included all the land recovered, and for more than thirty years had defined the actual possession of the appellees. This is too well established to need argument on the testimony.

The judgment for restitution was therefore right.

Nor can we perceive any available error in the judgment for rent and removal of timber and wood. The amount adjudged is supported by the evidence. And, although the occupants under the appellant might be held liable for not only the use of the land, but the conversion of the timber and the wood, yet nevertheless, as they entered under him and acted under the license of

his wrongful conveyance, he is responsible to the appellees for all damage resulting from his unlawful entry and license.

And if, as between him and his authorized tenants, they may be liable to him, that matter was neither litigated between them, nor is complained of. Their cross-petition against him afforded him a suitable opportunity for adjustment. And perhaps their judgment against him might be subject to some abatement or set-off. But as he does not now complain of that judgment, no contest between them is cognisable on this appeal.

The judgment for the appellees against him being right he must look to his tenants for redress, if he be entitled to any.

Wherefore the judgment is *affirmed*.

*Caldwell, for appellant.*

*Rodman, for appellees.*